Good morning, may it please the court. My name is James Todd Bennett, and I'm appearing on behalf of the petitioner. I would like to reserve three minutes on rebuttal. All right. Thank you, Your Honor. The threshold issue in front of the court is the issue of whether or not this court has jurisdiction under the principles of ye, whether or not Penal Code 422 constitutes a crime of violence, as defined by the Immigration and Nationality Act, which incorporates provisions of the Criminal Code Section 16A and B. I would submit, based on the statute itself, initially, that the definition under 16B would not apply. The statute does not comport with the requirements, because there's no inherent risk in making a threat in which there is no intent to act on it that bodily injury will necessarily flow from it. So I don't believe it's a 16B type issue. 16A defines a crime of violence as including an offense that has as an element the use, attempted use, or threatened use of physical force against a person or property of another. The California statute says who will, has, no, I guess the language doesn't make it clear, but it seems to be an offense. It has as an element the threatened use of physical force against a person or property of another. Now, why is it that there's a, do you see something on the face of the statute, or is it a California decision interpreting the statute that leads you to believe there's a difference in the scope of the two? Your Honor, under 16A, if this, we'd submit that if this case, excuse me, if this statute is in fact, as the Court points out, an aggravated felony, it would have to rise under 16A, I believe. All right. So what is it about the difference between section 422, the California code, and 16A? What is the difference? Yes, sir. When we look at the Trinidad Aquino type analysis, we need to have a volitional act and an appropriate mens rea. And I think the de minimis mens rea under the precedence in this circuit is recklessness. And our, my problem. 422 requires willfulness, which is higher than recklessness. True. But the California penal code under section 7., subsection 1 of that section, defines willful as an intent to commit an act but with no intent to violate the law, no intent to commit an injury, and no intent to interfere with, to gain an undue advantage. So the willful element of making a threat is defined differently than I think willful would be defined in other jurisdictions. Well, what do you do with the rest of it, with the specific intent that the statement is to be taken as a threat to commit a crime that will result in death or great bodily injury to another person? If you have to have the specific intent that your threat to harm a person be taken as a threat, I don't see how that gets you out of the mens rea element. The problem in making, the argument, I think the government makes the argument, and I try to answer the question this way. The government seems to make the argument that the volitional act of making the threat is the volitional act that's required. And that, I think it's more a question of whether you're making a threat concerning a volitional act. I'm not trying to be semantical, but the point is this. The volitional act of the threat, just by voluntarily making the threat with the requisite intent to commit bodily harm, a collision required under Trinidad-Aquino, is simply, the problem with that is there's volition in making the threat according to the government's argument. But what really is required, I think, under Trinidad-Aquino, is that you intend to commit a volitional act which would fit the aggravated felony criteria. But the aggravated felony criterion is to threaten the use of force. And it doesn't say you have to use the force. All you have to do is threaten to use force. I think the element in this statute which makes it unique amongst all the so-called terrorist threat statutes in the United States, most of which are based on the model penal code, is the absence of any intent to commit the offense. But where does 16A require that? That's, I guess, my issue with your argument. 16A covers the threatened use of force without respect to whether it's actually carried out or whether the threat is intended to be carried out. Yes, it would be the threat to commit. The way I would phrase it is it would be a threat to commit the volitional act required under the Trinidad-Aquino analysis. The problem is. Okay, you're not saying that on the statutory language there's any difference. The scope of the language is different. You're saying that the language is modified in the fact that it has to be read in light of Trinidad-Aquino and it's Trinidad-Aquino that requires something more than the threat you don't intend to carry out. Essentially, you make a volitional threat or you're making a threat. No, I'm actually talking about the substance. I'm trying to find out where the problem is since the statutory language seems to match the statutory language of the federal statute. It would meet it. There's nothing in the federal statute either that suggests that you have to carry out the threat. But as I understand your argument, you're saying that it's Trinidad-Aquino's interpretation of what's required that this doesn't meet. Yes, ma'am. Well, as far as the intent in Trinidad-Aquino, basically, we're looking at something that involves negligence. And you're looking at an analysis of use rather than threat, correct? That was the basis of the court's discussion, was not the threat prong of 16A. So I guess I'm trying to understand how, in your view, that case applies to the threat issue. Well, yeah, I'm probably mixing the problem of intent with the volitional act that's required. And I think just to clarify that as best I can, if we have this particular offense at de minimis, we have a willful standard to make the statement, which is not, I don't think, comports with ordinary usage of willful in other statutes. In other words, there's no intent to violate the law. I make the statement, it's willful under California law, but there's no intent there to do anything. In fact, not to be flippant, but it's almost like it's an idle threat, if you will, in the sense that the subjective view of the victim is one issue. The subjective view of the defendant is another issue. The subjective view of the intendant, no intention to violate the statute. He can have no intention whatsoever to commit a volitional act, and he certainly doesn't have to have the mens rea required under the standing precedence in this circuit in order to commit an aggravated, excuse me, a culpability. You wanted to save three minutes. It's only a minute and a half. All right. You only have a minute and a half left now. Thank you. May it please the court. My name is Jennifer Lightbody, and I represent the respondent. The petitioner Rosales Rosales is an alien who is deportable by reason of his conviction of an aggravated felony crime of violence. Because petitioner Rosales has been convicted of an offense which deprives this court of jurisdiction, it should make such a finding and dismiss the petition for lack of jurisdiction under ARERA 309C4G. This court, and Judge Reinhardt in particular, and McDoherty, you were on the panel where the court found that threatening to use physical force constitutes a crime of violence. In that case, the defendant had argued that it was not a crime of violence because it was possible to commit the crime without using force. And the court rejected that argument and, again, found that threatening to use physical force constitutes a crime of violence. It's the government's position that the McDoherty is controlling and not Trinidad in this case. I think that there's some confusion with respect to the Trinidad case, and I'd like to clarify a couple of things. I think when the court was discussing the use and threatened use, that was, I would submit, dicta. What was actually happening in that particular case was that the court was asked to determine whether, in fact, negligence could constitute a crime of violence. And the court had reiterated that reckless conduct does indeed satisfy 18 U.S.C. section 16, but would not go as far as to hold that negligence would constitute a crime of violence. And that was really the issue in the Trinidad case. But Judge Hawkins went on to discuss use and threatened use and was really talking about the term used when he was stating that there has to be a volitional feature with regard against the person of another. And I think that what Petitioner is saying here today is that there actually has to be some sort of volitional act, and he equates that as being the use of force. And that's not what the statute requires. It's the threatening the use of physical force that is enough to constitute the crime of violence. If it had to be the actual use of force, it would essentially read out the term threatened use of force from the statute, and the government would submit that that would be an inappropriate reading. As this court has pointed out, again, Section 16A, an offense that has an element of use, attempted use, or threatened use of physical force against the person or property of another constitutes an aggravated felony crime of violence. And, indeed, Section 422 of the California Penal Code has, as an element, someone who willfully threatens to commit a crime which will result in death or great bodily injury. There's no real difference. The threatened use of force is an element of the crime  If there are no other questions from the Court, I would submit, again, that the Petitioner is an alien who is deportable by reason of his conviction of an aggravated felony crime of violence. And this Court should find that Section 422 is a crime of violence and dismiss for lack of jurisdiction. Thank you, Karen. Thank you. Just briefly, Your Honors, I would note that, at least under the case law construing this section, California case law tends to, or at least under the Brooks case cited by the Respondents, will take the statute so far as to make it a conditional threat. In other words, not an actual threat. In other words, it's conditioned on additional contingencies of the future, like you testify and I will do this. So, in other words, the statute is, well, beyond the statutory language, how the statute's been construed, it's been construed as being even up to the level of conditional as long as there's a sufficient, the rest of the elements of the statute are met as far as the threat, creating a subjective fear in the victim. Just briefly, just touching on the other two issues, I think they're pretty well briefed in the briefs, and I don't think I need to touch on them. I think Pacheco Medina's on point, and I think it's pretty clear that the statute under the AEDPA, Mr. Rizzoli's remained eligible for 212C, really. And if there aren't any other questions, we'll submit it. Thank you, counsel. Thank you, Your Honor. The case just heard will be submitted.
judges: Reinhardt, Graber, Rhoades